PEOPLE *ex rel*. RAFTERY *v*. FRENCH *et al.*, Police Commissioners.

*(Supreme Court, General Term, First Department.*     February 13, 1891.)

MUNICIPAL CORPORATIONS—DISMISSAL OF POLICEMAN.
  Relator was discharged from the police for drunkenness. The sergeant in charge testified that relator could not answer intelligently, and "staggered some," and was unfit for duty. Another sergeant testified that from the appearance of relator, his thick speech, manner of walking, and the smell from his breath, he concluded that he was drunk. The police surgeon testified that he was under the influence of liquor to the extent of requiring some few hours' sleep to work it off. Relator claimed that he had only drank a preparation for malaria. The physician who supplied the preparation testified that, properly taken, it would not produce a dazed condition, but too much would make relator a little stupid. Five witnesses, two of whom had not particularly noticed relator, testified that they did not consider him drunk. *Held*, that his dismissal must be sustained.

*Certiorari* by Michael Raftery to review the action of the police commissioners of the city of New York in dismissing the relator from the police force.

Argued before VAN BRUNT, P. J., and DANIELS and O'BRIEN, JJ.

*Albert S. Warner*, for relator.   *John J. Delaney* and *Cornelius F. Collins*, for respondents.

DANIELS, J.   The charge against the relator is the one so commonly made and proved in these cases,—that he was so much under the influence of liquor as to be unfit for police duty. It was made on his appearance and conduct at the station-house, when he returned from his patrol duty. His conduct when he went to the desk in the office was such as to arrest the attention of the sergeant in charge, and that led to a further investigation of his condition. This officer testified that he could not answer the questions intelligently which he asked him, and staggered some in walking up and down the floor; and upon his cross-examination he answered further that he had no doubt but that the relator was then under the influence of liquor, and that he was unfit for duty. The police surgeon also testified that he had examined the relator, and "from the odor of liquor on his breath and skin, the character of his pulse, and some uncertainty in his actions," he judged "that he was under the influence of liquor to the extent of requiring some few hours' sleep to work it off; he was in that stage of the influence of liquor." Serg. Herlihy testified that he also examined him, and concluded him to be under the influence of liquor, and that this conclusion was founded on "his personal appearance, his thick speech, his manner of walking, and the smell I got from his breath;" and he added that he considered him so much under the influence of liquor as to be unfit for duty. Roundsman McGee gave substantially the same evidence, and so did Roundsman Londrigan, who added that "he was drunk." The relator positively denied his intoxication, and stated that he had drank only a preparation received from a physician, for malaria. And the physician testified that he had supplied that preparation, but that, properly taken, it would not produce a dazed condition, but too much of it would make him a little stupid. Patrolmen Kelz, Sullivan, and Keleher observed the relator near the time mentioned in the charge, but did not consider him intoxicated, or under the influence of liquor, while McDermot and Farley did not notice him particularly, or devote much attention to him. It is quite clear that the evidence produced to support the charge consisted of much more than suspicions and opinions. It was direct proof of the fact, fortified by circumstances which ordinarily indicate the existence of intoxication. That of the surgeon, and of Herlihy and McGee was specially direct, as well as cogent; and it was not overcome by the relator's denial, and the evidence given by the other witnesses in his behalf. The effect was to create a question of fact for the decision of the commissioners, against which there certainly was no proponderance in

favor of the relator; and under the rule, sanctioned not only by the statute but also by the authorities, their decision is required to be sustained. *People* v. *French*, 110 N. Y. 494, 18 N. E. Rep. 133, 119 N. Y. 493, 23 N. E. Rep. 1058. The determination of the commissioners should be affirmed, and the writ dismissed. All concur.